# United States Bankruptcy Court
## Central District of California

Riverside

Judge Peter Carroll, Presiding

Courtroom 304 Calendar

**Thursday, December 17, 2009**                                           Hearing Room 304

---

<u>9:30 am</u>

**6:09-24867**  **Daniel Jason Horner and Jamie Anne Summers**                    **Chapter 13**
**#20.00**        Prober & Raphael - movant attorney

Motion for relief from stay

U.S. Bank NA vs DEBTORS
(Motion filed 11/20/09)

EH_____

Docket #: 34

**Matter Notes:**

( X ) **Granted**                  ( ) **Denied**

( X ) Tentative / ~~Final Ruling~~ Is Final Order of the Court

( ) Based on findings of fact and conclusions of law made on the record

( ) **Stipulation** by the parties with respect to relief sought to be filed with the court within 7 days

( ) **Continuance** - Hearing on the motion is continued to _____ at _____ a.m./p.m.

( ) **Off Calendar**

( ) **Other**

**Courtroom Deputy:**
 - NONE LISTED -

---

# United States Bankruptcy Court
## Central District of California

### Riverside
### Judge Peter Carroll, Presiding
### Courtroom 304 Calendar

**Thursday, December 17, 2009**                                              **Hearing Room  304**

**9:30 am**

**Cont....**   **Daniel Jason Horner and Jamie Anne Summers**                 **Chapter 13**

**Tentative Ruling:**

    None.

    **Final Ruling.** This motion for relief from the automatic stay has been set for hearing on the notice required by LBR 4001(c)(1) and LBR 9013-1(d)(2). The debtor has filed a notice of non-opposition. The failure all other parties in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9013-1(f) is considered as consent to the granting of the motion. LBR 9013-1(h). *Cf.* Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court is granting the relief requested by the moving party and for which a *prima facie* case has been established, an actual hearing is not necessary. *See* Boone v. Burk (In re Eliapo), 468 F.3d 592, 602 (9th Cir. 2006). Their defaults are entered and the matter will be resolved without oral argument. LBR 9013-1(j) (3). **No appearance is necessary.**

    The motion is granted pursuant to 11 U.S.C. § 362 (d)(1) to permit the movant, its successors, transferees and assigns, to enforce its remedies to foreclose upon and obtain possession of the property in accordance with applicable law. Movant may not pursue any deficiency claim against the debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501. Movant is secured by a deed of trust encumbering the debtor's residence. The debtor has failed to pay 4 post-petition installments. This is cause to terminate the automatic stay. *See* Ellis v. Parr (In re Ellis), 60 B.R. 432, 434-435 (9th Cir. BAP 1985).

    The 14-day period specified in FRBP 4001(a)(3) is waived. This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code. For purposes of Cal. Civ. Code § 2923.5, the court determines that this bankruptcy proceeding has been finalized with respect to the subject property and the note and lien described in the motion. All other relief is denied.

    The movant shall submit an appropriate order.